

The Woolworth Building
233 Broadway, Suite 2340
New York, New York 10279
TEL 212.571.0700
FAX 212.233.3801
www.serrinsfisher.com

Writer's direct dial: (212) 571-0700 ex. 119
Writer's email: michael@serrinsfisher.com

February 28, 2014

**VIA ECF**
Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

       Re: Sanchez et. al. v. Los 2 Potrillos Restaurant Corp. et. al.
           Case No.: 1:13-cv-05119(RA)

Dear Judge Abrams:

       This firm represents Plaintiffs in the above-captioned matter. In accordance with the Court's Initial Conference Order, the parties are submitting the following joint letter.

       **1. Claims and Defenses**

           a. <u>Plaintiffs' Complaint</u>

       Plaintiffs bring claims under the Fair Labor Standards Act and New York Labor Law for unpaid minimum and overtime wages. Plaintiffs also bring claims under the New York Labor Law for unlawful deductions, failure to pay spread-of-hours wages and failure to compensate Plaintiffs for their purchase and maintenance of uniforms. Separately, Plaintiffs Sanchez and Morgado bring claims for failure to provide them with wage notices and paystubs under the New York Labor Law. Additionally, Plaintiffs Sanchez and Morgado bring claims under the FLSA and New York Labor Law for retaliation.

       Plaintiffs Francisca Sanchez, Marya Morgado, and Maria Reyes all worked at Los Dos Potrillos restaurant as waitresses for Defendants over a period of the last 6 years. As detailed in the Amended Complaint, Plaintiffs regularly worked more than 40 hours a week but Defendants paid them no more than $40 a day, well below the minimum wage. Defendants also never paid Plaintiffs any additional pay for their extensive overtime hours.

       Shortly after Plaintiffs Sanchez and Morgado initiated this lawsuit, Defendants' employees began to verbally and physically abuse them in a transparent attempt to force them to withdraw from this lawsuit. Plaintiffs Sanchez and Morgado complained to Defendants Raul and Araceli Ortega about the abuse, but even after Plaintiff Sanchez was physically assaulted by one

of her coworkers they did nothing. Defendants constructively terminated Plaintiffs Sanchez and Morgado.

### b. Defendants' Defenses

Defendants intend to invoke several defenses, both legal and factual. Initially, Plaintiffs' FLSA claims fail as a matter of law. In order to invoke the FLSA, the employer must have annual gross volume of sales or business done of not less than $500,000. See 29 U.S.C. § 203(s)(1)(A). Because Defendants do not have annual gross sales in excess of this amount, the FLSA does not apply and this Court lacks subject matter jurisdiction over this case. Moreover, even if Defendants were covered by the FLSA, Defendants dispute Plaintiffs' factual allegations on several grounds. With respect to all Plaintiffs, Defendants dispute the number of hours they claimed to have worked for them, both on a weekly basis and cumulatively. Specifically, Defendants dispute the number of hours Plaintiffs claimed to have worked each week, and because Defendants only purchased this business in 2011, Defendants deny that they are liable for any claims based on events prior that time. Because Plaintiff Reyes never worked for Defendants after 2009, there is no liability to her at all. Defendants also deny that Plaintiffs are entitled to spread of hours pay, pay for uniform maintenance or that unlawful wage deductions were made. Finally, Defendants categorically deny the retaliation claims by Plaintiffs Sanchez and Morgado. Sanchez and Morgado quit after a dispute with coworkers. They were not fired.

### 2. Jurisdiction and Venue

Jurisdiction and venue lie with this Court. Plaintiffs Sanchez and Morgado have brought federal claims and the Court has jurisdiction over those claims, as well as their and Plaintiff Reyes' state law claims, which arise out of the same nucleus of operative fact. The Defendant corporation, El Rancho Sports Bar Corp., is located at 109 E. 116th Street, New York, NY 10029 and venue is properly in this District. While Defendants do not dispute Plaintiffs' initial statement of jurisdiction and venue, they reserve their rights to move for summary judgment on Plaintiffs' FLSA claims and request that the Court decline to exercise supplemental jurisdiction over the remaining state law causes of action to the extent any remain. Defendants also dispute that Plaintiff Reyes' state law claims arise out of the same nucleus of operative fact because the employer was operated by a different owner at the time she worked there.

### 3. Anticipated Motions

Plaintiffs anticipate filing a motion for conditional certification of a collective action under the FLSA and for class certification under Rule 23. Plaintiffs also may file motions for partial summary judgment at the end of discovery. Defendants have filed a motion to dismiss on the pleadings and anticipate making a summary judgment motion as appropriate after discovery.

### 4. Discovery

No discovery has taken place.

**5. Settlement**

Plaintiffs have made a settlement demand. Defendants responded by serving Offers of Judgment on Plaintiffs Sanchez and Morgado.

**6. Estimated Length of Trial**

Because Plaintiffs anticipate this case being a collective/class action, they expect the trial to take a week.

Thank you for your attention to the above.

Sincerely,
---------/s/--------------------------
Michael Taubenfeld (MT-4640)

---------/s/--------------------------
Steven Locke (SL-4859)