UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2014

------------------------------------------------------X

FRANCISCA SANCHEZ, MARYA
MORGADO, MARIA REYES, and LETICIA
ZACATZONTLE, individually and on behalf
of others similarly situated,

                              Plaintiffs,

            -v-

EL RANCHO SPORTS BAR CORP., RAUL
ORTEGA, and ARACELI ORTEGA,

                          Defendants.

------------------------------------------------------X

No. 13 Civ. 5119 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

       Plaintiffs bring this action, individually and on behalf of all others similarly situated, against Defendants El Rancho Sports Bar Corporation ("El Rancho"), Raul Ortega, and Araceli Ortega, claiming violations of the federal Fair Labor Standards Act ("FLSA") and provisions of New York State Labor Law ("NYLL"). Plaintiffs move for (1) conditional certification of a collective action pursuant to § 216(b) of the FLSA; (2) court-facilitated notice to all potential collective action members; (3) equitable tolling of the statute of limitations until the end of the opt-in period; (4) an order that Defendants produce the names and personal information of all potential collective action members; and (5) an order that Defendants post the approved notice in their place of business. For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

       The business at issue is a restaurant and Spanish dance club ("the Restaurant"). (Second Am. Compl. ¶¶ 9-10.) Named Plaintiffs Francisca Sanchez and Marya Morgado both worked as

waitresses at the Restaurant.[1]   (Sanchez Decl. ¶ 2; Morgado Decl. ¶¶ 2, 18.)   They assert that individual Defendants Raul Ortega and Araceli Ortega were and continue to be managers of the Restaurant at all relevant times and that they created and enforced the policies at issue.   (Second Am. Compl. ¶¶ 15, 20-22, 26.)   According to Plaintiffs, corporate Defendant El Rancho purchased the Restaurant from Los 2 Potrillo Restaurant Corporation in 2011, retained most of the same employees, and proceeded to operate the Restaurant "in substantial continuity."   (Id. ¶¶ 11, 13, 15-19.)   Plaintiffs assert that El Rancho is liable for Los 2 Potrillo's past violations of labor laws as its corporate successor in interest.   (Reply at 6-7.)

Plaintiffs allege that, while they were working at the Restaurant, Defendants committed numerous violations of state and federal labor laws.   (Second Am. Compl. ¶¶ 27-30.)   Among other claims, they assert that Defendants failed to compensate them for all hours worked at the minimum wage and failed to pay overtime compensation, as required by the FLSA.   (Id. ¶¶ 27(i)-(ii); Mem. of Law at 1.)

## DISCUSSION

### I.   Conditional Certification of the Collective Action

#### A.   The Standard for Conditional Certification

The Second Circuit has approved a two-step process for conditionally certifying a collective action pursuant to § 216(b) of the FLSA. See, e.g., Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010). At the first step, the Court determines whether the potential opt-in plaintiffs "may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. at 555. Plaintiffs' burden at this stage is "minimal." See Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). They need only "mak[e] a modest factual

---

[1] The third named Plaintiff, Maria Reyes, also worked as a waitress at the Restaurant, but she is barred from bringing claims under the FLSA by its three-year statute of limitations. (Second Am. Compl. ¶ 59; Mem. of Law at 1 n.1.) Reyes, therefore, brings only state-law claims, which are not relevant to this motion. The fourth named Plaintiff, Leticia Zacatzontle, was added as a party only after Plaintiffs had already filed this motion and is not discussed therein.

showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997). Plaintiffs must show "a factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" Id. at 262.

At the second step, once the potential plaintiffs have opted in and discovery is finished, courts perform a more rigorous analysis to determine whether the new plaintiffs are in fact similarly situated to the original plaintiffs. See Damassia v. Duane Reade, Inc., No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) ("After discovery, courts typically engage in a 'second tier' of analysis to determine on a full record—and under a more stringent standard—whether the additional plaintiffs are in fact similarly situated."). At that stage, the collective action may be de-certified if it has been shown that the new plaintiffs are not similarly situated to the original, named plaintiffs. See Myers, 624 F.3d at 555.

### B.    Conditional Certification of this Collective Action

Plaintiffs assert that Defendants had a "common plan or scheme" that violated the FLSA as to the waitresses and dancers who worked at the Restaurant. (Mem. of Law at 1.) Defendants object to certification of Plaintiffs' overtime-compensation claims and further object to including dancers in the collective action. (Opp'n at 6-8.)

Plaintiffs have made the modest factual showing required to establish that they are similarly situated to the waitresses and dancers. Sanchez and Morgado assert in their declarations that they and all of the waitresses and dancers were paid a flat daily salary regardless of how many hours they worked. (Sanchez Decl. ¶¶ 3-6, 8-10; Morgado Decl. ¶¶ 6-8.) According to Sanchez, the waitresses and the dancers received an hourly rate of compensation below the federal minimum wage of $7.25 per hour. See 29 U.S.C § 206(a)(1)(C). (Sanchez Decl. ¶¶ 3, 5-6, 8-10.) In addition,

3

they allege that Defendants had no system for recording the number of hours that any of the employees worked, and that the waitresses regularly worked more than forty hours in a week. (Sanchez Decl. ¶¶ 3-4, 6-7; Morgado Decl. ¶¶ 6-7, 15.)

Plaintiffs also describe how Defendants allegedly reduced the pay of waitresses and dancers. They assert that waitresses and dancers were required to earn "tickets" each night by persuading customers to buy them drinks. (Sanchez Decl. ¶¶ 16-18; Morgado Decl. ¶¶ 9-10, 12.) If they did not receive ten tickets in a night, then they were not paid for the entire day. (Sanchez Decl. ¶¶ 16, 18; Morgado Decl. ¶¶ 9, 11.) In addition, Defendants allegedly deducted $15.00 per day from the wages of employees who arrived late to work, even by only a few minutes. (Sanchez Decl. ¶ 13; Morgado Decl. ¶ 14.)

If Plaintiffs' allegations are true, then the potential opt-in plaintiffs all received compensation below the federal minimum wage and experienced wage reductions due to Defendants' drink-ticket and lateness policies, and Defendants failed to record the number of hours that they worked. These allegations are based on Sanchez's and Morgado's personal experiences and observations, their conversations with other waitresses and dancers, and statements allegedly made by Defendant Raul Ortega. (Sanchez Decl. ¶¶ 10, 18; Morgado Decl. ¶ 12.) At the notice stage, such evidence is sufficient to establish a factual nexus between Plaintiffs and the other waitresses and dancers who worked at the Restaurant. See, e.g., Hernandez v. Bare Burger Dio Inc., No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (observing that "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit"); Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) (granting conditional certification where "servers, bartenders, runners and bussers [were] subject to a common time-keeping practice" and noting that "[c]onditional . . . certification is appropriate . . . where all putative [collective action] members

4

are employees of the same restaurant enterprise and allege the same types of FLSA violations").

Defendants, relying on the Eleventh Circuit's decision in <u>Dybach v. Fla. Dep't of Corrections</u>, 942 F.2d 1562 (11th Cir. 1991), argue that Plaintiffs "must also establish that the alleged similarly situated employees desire to opt in and become part of the class." (Opp'n at 5.) The Court disagrees. "Although some district courts outside of the Eleventh Circuit have adopted <i>Dybach</i>'s 'desire to opt in' requirement, no other Circuit Court has done so, and it is not the law of this Circuit." <u>Gortat v. Capala Bros., Inc.</u>, No. 07 Civ. 3629 (ILG), 2010 WL 1423018, at *10 (E.D.N.Y. Apr. 9, 2010) (choosing to "follow[] the overwhelming majority of district courts outside of the Eleventh Circuit in requiring only a showing of similarly situated persons"). Moreover, the Eleventh Circuit's rule "does not make sense. It would essentially force plaintiffs . . . to issue their own form of informal notice or to otherwise go out and solicit other plaintiffs. This would undermine a court's ability to provide potential plaintiffs with a fair and accurate notice . . . ." <u>Id.</u> (quoting <u>Heckler v. DK Funding, LLC</u>, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007)). Courts in this Circuit have thus regularly held that "FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs." <u>Amendola v. Bristol-Myers Squibb Co.</u>, 558 F. Supp. 2d 459, 466 (S.D.N.Y. 2008); <u>see also</u> <u>Jason v. Falcon Data Com, Inc.</u>, No. 09 Civ. 3990 (JG)(ALC), 2011 WL 2837488, at *6 (E.D.N.Y. July 18, 2011); <u>Neary v. Metro. Prop. & Cas. Ins. Co.</u>, 517 F. Supp. 2d 606, 622-23 & n.7 (D. Conn. 2007).

Defendants argue, finally, that the dancers do not qualify as employees, because they did not work scheduled shifts, were not supervised, and were never interviewed by Defendants. (Opp'n at 3; Mendina Aff. ¶ 3.) The Court's role at this stage, however, is not to decide the merits of Plaintiffs' claims. <u>See</u> <u>Lynch</u>, 491 F. Supp. 2d at 368 ("[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly

situated."); Hoffmann, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here."). Accordingly, Plaintiffs have made the "modest showing" that the waitresses and dancers are similarly situated that is required at this preliminary stage, and the Court conditionally certifies the collective action pursuant to § 216(b) of the FLSA.

## II.   Notice

The parties also dispute various particulars regarding the notice Plaintiffs seek to send to all potential opt-in plaintiffs.  Courts have "broad discretion to craft appropriate notices." Fasanelli, 516 F. Supp. 2d at 323.  "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.  While the Court will permit reasonable amendments, those that are unduly argumentative, meant to discourage participation in the lawsuit, or are unnecessary or misleading should be rejected."  Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (alteration in original) (internal quotation marks and citations omitted).

### A.   Notice Period

Plaintiffs request authorization to send notice to employees who worked for Defendants at any time during the past six years, because the statute of limitations for their state-law claims is six years. (Reply at 5-6.)  They argue that it will be more efficient to notify potential plaintiffs of their state-law claims at the same time as notice of the federal-law claims is circulated.  (Id.) Defendants contend that only those employed in the past three years should receive the notice, as the statute of limitations under the FLSA is three years for willful violations and two years for other violations.  (Opp'n at 6.)

A number of courts in this Circuit have approved a six-year notice period based on the efficiency rationale cited by Plaintiffs. See, e.g., Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 410-11 (S.D.N.Y. 2012) (collecting cases). A more recent trend, however, is to approve three-year notice periods to avoid "the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred." Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013); see also Romero v. La Revise Assocs., L.L.C., 968 F. Supp. 2d 639, 648-49 (S.D.N.Y. 2013); Colon v. Major Perry St. Corp., No. 12 Civ. 3788 (JPO), 2013 WL 3328223, at *7 (S.D.N.Y. July 2, 2013). Because Plaintiffs have not moved for class certification of their NYLL claims under Federal Rule of Civil Procedure 23 and because former employees who have only state-law claims are not eligible to join this collective action, the Court determines that a three-year notice period would be appropriate in this case.

### B.   Content and Form of the Notice

With regard to the substance of the proposed notice, Defendants first challenge the provision in the proposed notice of action which advises potential opt-in plaintiffs that:

> "Your immigration status does not matter. It does not affect your right to recover back wages or to participate in this lawsuit. You will not be asked to disclose your immigration status. You will not be asked to discuss whether you are a citizen or have a green card in order to participate in this lawsuit."

(Opp'n at 10; Proposed Notice ¶ 12.) Defendants argue that references to immigration status should be eliminated from the notice, because "immigration status may have a direct impact on a potential plaintiff's ability to recover backpay in an FLSA case . . . ." (Opp'n at 10.) Defendants' objection is misguided, as immigration status is irrelevant to a plaintiff's right to recover under the FLSA. See, e.g., Colon v. Major Perry St. Corp., No. 12 Civ. 3788 (JPO), 2013 WL 6671770, at *9-11 (S.D.N.Y. Dec. 19, 2013); Alcoser v. A Spice Route Inc., No. 12 Civ. 2106 (HB), 2013 WL

5309496, at *1-2 (S.D.N.Y. Sept. 19, 2013). Accordingly, Plaintiffs' proposed language regarding immigration status may be included in the notice.

Defendants also request that the references to Plaintiffs' state-law claims and to Plaintiff Maria Reyes, who asserts only state-law claims, be deleted from the notice and opt-in form. (Opp'n at 10.) Their request is denied, "[b]ecause that language may be relevant to potential plaintiffs with timely federal claims in deciding whether or not to opt in to the collective action . . . ." Lujan v. Cabana Mgmt., Inc., No. 10 Civ. 755 (ILG), 2011 WL 317984, at *13 n.15 (E.D.N.Y. Feb. 1, 2011); see also Ritz v. Mike Rory Corp., No. 12 Civ. 367 (JBW)(RML), 2013 WL 1799974, at *4 (E.D.N.Y. Apr. 30, 2013); Hernandez v. Immortal Rise, Inc., No. 11 Civ. 4360 (RRM)(LB), 2012 WL 4369746, at *8 (E.D.N.Y. Sept. 24, 2012). Plaintiffs, however, are directed to amend the notice to clarify that, although state-law claims are part of the lawsuit, this particular notice relates only to Plaintiffs' claims that Defendants violated federal law. See, e.g., Ritz, 2013 WL 1799974, at *4; cf. Enriquez v. Cherry Hill Mkt. Corp., No. 10 Civ. 5616 (FB)(ALC), 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012).

Defendants also seek to add language informing potential opt-in plaintiffs of the possibility that they may be required to take part in discovery or testify at trial. (Opp'n at 10.) Such language is routine and Plaintiffs shall amend the notice accordingly. See, e.g., Whitehorn, 767 F. Supp. 2d at 450. Similarly, Plaintiffs are ordered to add defense counsel's contact information, see id. at 451 and Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 99 (S.D.N.Y. 2003), a request to which Plaintiffs do not object. Defendants' request that references to the contingency-fee arrangement be deleted, however, is denied. See, e.g., Mendoza v. Ashiya Sushi 5, Inc., No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *8 (S.D.N.Y. Sept. 16, 2013); Gjurovich, 282 F. Supp. 2d at 98.

The Court also concludes that it would be reasonable for the notice to give potential

plaintiffs sixty days to opt in, see Whitehorn, 767 F. Supp. 2d at 451-52, and that the notice may be translated into Spanish, see Moung Su Kim v. Kap Sang Kim, No. 10 Civ. 2515 (FB)(JO), 2010 WL 2854463, at * 1 (E.D.N.Y. July 19, 2010).  Defendants shall be permitted to approve the Spanish translation.

### C.    Posting of the Notice

Plaintiffs next seek an order requiring Defendants to post a copy of the notice at their Restaurant.  (Taubenfeld Decl. ¶ 6(f).)  Although Defendants argue that posting the notice would be embarrassing and "might cause" a decrease in patronage, (Opp'n at 12), courts routinely order that notices be posted and Defendants have not explained how such posting would be particularly burdensome in this case.  See, e.g., Bare Burger, 2013 WL 3199292, at *5 ("[P]osting at the place of employment of potential opt-in plaintiffs is regularly approved by Courts." (internal quotation marks omitted)); Whitehorn, 767 F. Supp. 2d at 449 ("Defendants do not explain how such a posting would be more burdensome in this case.").  It is appropriate here to require that Defendants post the notice in the common areas of their Restaurant where it can easily be seen by employees.

### III.   Tolling the Statute of Limitations

Plaintiffs further request that the Court toll the statute of limitations from the date they filed this motion until the end of the opt-in period.  (Taubenfeld Decl. ¶ 6(e); Mem. of Law at 14.) Defendants oppose this request, arguing that Plaintiffs "offer no justification for" tolling.  (Opp'n at 12.)

Typically the three-year limitation period runs until an opt-in plaintiff files a written consent to join the lawsuit.  See McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (citing 29 U.S.C. § 256(b)).  Courts sometimes toll the statute of limitations for all potential opt-in plaintiffs while the motion for conditional certification is pending.  See, e.g., Jackson v. Bloomberg, L.P., No. 13 Civ. 2001 (JPO), 2014 WL 1088001, at *17-18 (S.D.N.Y.

9

Mar. 19, 2014) (granting equitable tolling where motion had been pending for over seven months); McGlone, 867 F. Supp. 2d at 440, 445 (same where motion had been ripe for almost four months). The Second Circuit has held, however, that "equitable tolling is only appropriate in [ ] rare and exceptional circumstance[s] in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (alterations in original) (citation and internal quotation marks omitted).  Plaintiffs have not articulated any extraordinary circumstances in this case.  In any event, "it is unnecessary to determine this issue now, as it is not yet clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice."  Mendoza, 2013 WL 5211839, at *10 (quoting Whitehorn, 767 F. Supp. 2d at 450) (internal quotation marks omitted).  Accordingly, Plaintiffs' request is denied without prejudice to renewal at a later date.

IV.     **Discovery of Potential Plaintiffs' Personal Information**

Lastly, Plaintiffs request that the Court require Defendants to provide the "names, mail addresses, email addresses, telephone numbers and social security numbers" of the potential opt-in plaintiffs.  (Taubenfeld Decl. ¶ 6(c).)  Contrary to Defendants' contention, the production of email addresses and telephone numbers will not be unduly invasive and will assist Plaintiffs in effecting notice. See, e.g., Ack v. Manhattan Beer Distribs., Inc., No. 11 Civ. 5582 (CBA), 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012); Jacob v. Duane Reade, Inc., No. 11 Civ. 0160 (JPO), 2012 WL 260230, at *9-10 (S.D.N.Y. Jan. 27, 2012); Pippins v. KPMG LLP, No. 11 Civ. 0377 (CM)(JLC), 2012 WL 19379, at *14 (S.D.N.Y. Jan. 3, 2012).  Plaintiffs' request for social security numbers, however, is denied at this time, as such discovery can be invasive of employees' privacy and Plaintiffs have failed to justify its necessity.  Plaintiffs may renew their request for social security numbers at a later date, if necessary.  "While courts often decline to allow discovery of social security numbers due to privacy concerns, it is generally accepted that such discovery is

permitted where Plaintiff can demonstrate that names and contact information are insufficient to effectuate notice." Whitehorn, 767 F. Supp. 2d at 448; see also Jacob, 2012 WL 260230, at *9; Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009); Chowdhury v. Duane Reade, Inc., No. 06 Civ. 2295 (GEL), 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification of a collective action is granted. Plaintiffs are directed to submit a revised proposed notice and opt-in form consistent with this Order within two weeks. Within ten days of the Court's approval of the final notice and opt-in form, Defendants shall post copies at the Restaurant in a location conspicuous to all employees.

Defendants are further directed to provide to Plaintiffs, within twenty days of the date of this Order, an electronic file containing the names, last known mailing addresses, last known email addresses, and last known telephone numbers of all waitresses and dancers who worked at the Restaurant between July 23, 2010 and the present.

The parties shall confer and reach agreement on a Spanish translation of the final notice and opt-in form.

Finally, Plaintiffs are directed to submit a letter within thirty days of this Order advising the Court as to whether they intend to move for class certification.

The Clerk of Court is respectfully requested to close the motion pending at docket number 21.

SO ORDERED.

Dated:      May 13, 2014
            New York, New York

Ronnie Abrams
United States District Judge

11