```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: June 30, 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCISCA SANCHEZ, MAYRA
MORGADO, MARIA REYES, and LETICIA
ZACATZONTLE individually and on behalf
of others similarly situated,

                    Plaintiff,

            -against-

EL RANCHO SPORTS BAR CORP., RAUL
ORTEGA, and ARACELI ORTEGA,

                    Defendants.

No. 13-CV-5119 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiffs Francisca Sanchez, Mayra Morgado, Maria Reyes, and Leticia Zactzontle bring this action on behalf of themselves and similarly situated employees against Defendants El Rancho Sports Bar Corp. ("El Rancho"), and Raul and Araceli Ortega ("the Ortega Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York City Rules and Regulations ("NYCRR"). Before the Court is Plaintiffs' unopposed motion to sever their claims against the Ortega Defendants from those against El Rancho, and to amend the Second Amended Complaint ("SAC") to dismiss the Ortega Defendants, add Manuel Medina as a Defendant and new claims on behalf of Silviana Casarez. For the reasons that follow, the motion is GRANTED.

## BACKGROUND

      At all times relevant to the SAC, the Ortega Defendants served as managers for Los Dos Potrillos Sports Bar, a social "dollar-a-dance" club and restaurant (the "Restaurant"). SAC ¶¶ 7–10, 21–22. In 2011, El Rancho purchased the Restaurant from its previous owner, Los 2 Potrillos

Sports Bar Corp. *Id.* ¶ 11. The Ortega Defendants managed the Restaurant both before and after the sale. *Id.* ¶ 15. Plaintiffs Morgado, Sanchez, Reyes, and Zacatzontle worked as waitresses at the Restaurant. *Id.* ¶¶ 23, 39, 51, 59, 66.

Plaintiffs Sanchez and Morgado originally filed this action on July 23, 2013, asserting various wage and overtime claims under the FLSA and NYLL against Defendants Los 2 Potrillos Restaurant Corp., Silvia Amador, and the Ortega Defendants. Dkt. 1. On February 6, 2014, Plaintiffs amended the Complaint to add Maria Reyes as a Plaintiff, dismiss Defendant Amador, and substitute El Rancho, the successor in interest for Los 2 Potrillos Restaurant Corp., as the corporate Defendant. Dkt. 13. On March 25, 2014, Plaintiffs filed a Second Amended Complaint ("SAC") to add Zacatzontle as a Plaintiff.

On May 13, 2014, the Court granted Plaintiffs' motion for conditional certification of a collective action. Dkt. 37. After the motion was granted, El Rancho was sold to a new owner who did not respond to communications from counsel for Defendants. *See* Yankwitt Decl. (Dkt. 51) at ¶¶ 5–6. On October 29, 2014, the Court granted counsel's motion to withdraw its representation of El Rancho. Dkt. 54.[1] On that same date, counsel informed the Court that the Ortega Defendants had filed for bankruptcy and, accordingly, were entitled to an automatic stay of all actions pending against them pursuant to 11 U.S.C. § 362(a). *See* Def. Ltr. (Dkt. 55) at 1; Pl. Ltr. (Dkt. 56) at 1.

On December 18, 2014, Plaintiffs moved to sever the Ortega Defendants from the action, and to amend the Complaint a third time to dismiss the Ortega Defendants, add Silviana Casarez— another former waitress—as a Plaintiff, and add El Rancho's purported principal owner Manuel Medina as a Defendant. Dkt. 63. Plaintiffs' motion is unopposed.

---

[1] El Rancho has not obtained new counsel as of today's date.

## DISCUSSION

**I.  Motion to Sever and Dismiss Ortega Defendants**

The Court begins with Plaintiffs' motion to sever and dismiss the Ortega Defendants from the case in order to proceed against El Rancho during the pendency of the bankruptcy stay. *See* Pl. Mem. (Dkt. 65) at 4–5.[2]

**A.  Severance**

The Federal Rules of Civil Procedure permit a court to "sever any claim against a party." Fed. R. Civ. P. 21. "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F.Supp.2d 712, 720 (S.D.N.Y. 2011) (quoting *State of N.Y. v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988)). Severance is warranted "when it will serve the ends of justice and further the prompt and efficient disposition of litigation." *Id.* (quoting *T.S.I. 27, Inc. v. Berman Enters., Inc.*, 115 F.R.D. 252, 254 (S.D.N.Y. 1987)). In making such decision, courts in this district typically look to the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Id.* (quoting *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154–55 (S.D.N.Y. 2003)); *see also Oram v. Soul Cycle*, 979 F.Supp.2d 498, 502–03 (S.D.N.Y. 2014).

Here, severance is appropriate because it will advance the disposition of the litigation and prevent further delays due to the Ortega Defendants' bankruptcy filing. Even though the claims

---

[2] Specifically, Plaintiffs seek to sever their claims against Ortega Defendants and to amend the Complaint to "remove them from the case caption." Pl. Mem. at 4–5. Because Plaintiffs do not indicate that they wish to permanently abandon their claims, the Court assumes that Plaintiffs seek that the dismissal of the Ortega Defendants from the action be without prejudice.

against the Ortega Defendants arise out of the same "transaction or occurrence" and present "common questions of law or fact," because of the bankruptcy stay, Plaintiffs cannot amend the Complaint and are, in effect, estopped from proceeding with the action. Thus, if severance is not permitted, Plaintiffs will be unable to obtain relief until the bankruptcy stay is lifted, and will be significantly prejudiced. Moreover, granting the motion for severance will not unduly prejudice the corporate Defendant, El Rancho, because it is not entitled to benefit from the Ortega Defendants' bankruptcy stay. *See E.I. Du Pont De Nemours & Co. v. Fine Arts Reprod. Co.*, No. 93-CV-2462 (KMW), 1995 WL 312505, at *5 (S.D.N.Y. May 22, 1995) (non-bankrupt co-defendant is not entitled to protection of bankruptcy stay); *Aetna Cas. & Sur. Co. v. Namrod Devel. Corp.*, 140 B.R. 56, 59 (S.D.N.Y. 1992). For these reasons, the Court concludes that the severance of the claims against the Ortega Defendants is appropriate.

### B. Dismissal

There is also no basis to deny Plaintiffs' proposed amendment of the SAC to dismiss the Ortega Defendants. *See* Pl. Mem. at 5. Pursuant to Rule 21, in determining whether to dismiss a party, the Court must consider whether that party is "indispensable" to the action. *E.I. Du Pont*, 1995 WL 312505, at *2 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968)). Federal Rule 19 sets forth a two-step inquiry to determine whether a party is indispensable. *See Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990). First, a party is considered necessary, and therefore must be joined, if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Once a court has determined that a party is necessary under Rule 19(a), then it must "assess whether or not, in equity and good conscience, the action should proceed in the necessary party's absence" under Rule 19(b). *E.I. Du Pont*, 1995 WL 312505, at *3 (internal citation and quotation marks omitted). In doing so, the Court looks to four factors:

> (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit.

*CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (citing Rule 19(b)).

The Ortega Defendants do not qualify as indispensable parties under Rule 19. Plaintiffs may obtain complete relief for their FLSA and NYLL claims from El Rancho, and to the extent that El Rancho has any right to recovery from the Ortega Defendants, there is no evidence that such legal remedy would be unavailable to El Rancho once the bankruptcy stay is lifted. *See E.I. DuPont*, 1995 WL 312505, at *3 (finding no prejudice to remaining defendant). Furthermore, because the Ortega Defendants will no longer be parties to this case, El Rancho and the Ortega Defendants would not be barred on the grounds of collateral estoppel or res judicata from later litigating their liability. *Id.* at *4. For these reasons, the risk of multiple or inconsistent judgments is not implicated here and the Ortega Defendants are not necessary parties under Rule 19(a).

Because the Ortega Defendants do not qualify as necessary parties under Rule 19(a), they cannot be considered indispensable parties under Rule 19(b). *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006) (court need not reach Rule 19(b) inquiry unless threshold standard in Rule 19(a) is met). Rule 19 therefore does not preclude Plaintiffs from dismissing the Ortega Defendants from the action.

Finally, there is no equitable reason to deny Plaintiffs' motion under Federal Rule 21. As discussed above, prohibiting Plaintiffs from proceeding with their lawsuit because of the Ortega

Defendants' bankruptcy proceeding would needlessly delay the case's disposition and prevent Plaintiffs from obtaining relief. Furthermore, dismissing the Ortega Defendants from the case does not frustrate or interfere with "the goals underlying the automatic stay provisions of the bankruptcy code." *E.I. Du Pont*, 1995 WL 312505, at *4. Indeed, dismissal preserves the debtors' protections under the code, while avoiding "'giving an unwarranted immunity from suit to [a] solvent co-defendant[]' which can, in turn, 'contravene the purposes underlying the automatic stay.'" *Id.* at *5 (quoting *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990)).

In sum, as dismissal is not barred by Rule 19 and is permitted under Rule 21, the Ortega Defendants are dismissed from the action without prejudice.[3]

## II. New Parties

Next, Plaintiffs move to amend the SAC to add Silviana Casarezas as a Plaintiff and Manuel Medina as a Defendant. Pl. Mem. at 6. Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend] when justice so requires." "Leave may be denied," however, "'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Where Plaintiffs seek leave to add parties as well as claims, the motion is also governed by Fed. R. Civ. P. 21, which allows the addition of a party "at any time, on just terms." There is no extra burden, however, as the "showing necessary under Rule 21 is the same as that required under Rule 15(a)." *Johnson v. Bryson*, 851 F.Supp.2d 688, 703 (S.D.N.Y. 2012).

---

[3] Plaintiffs have indicated that they intend to pursue post-severance discovery from the Ortega Defendants. Although they may seek such third-party discovery, the bankruptcy court may nonetheless issue a protective order precluding them from doing so. *See In re Residential Capital, LLC*, 480 B.R. 529, 537 (Bankr. S.D.N.Y. 2012) (exercising the authority of the bankruptcy court to issue a protective stay of third-party discovery over a debtor).

Plaintiffs' motion to amend is unopposed, and for the reasons stated below, the Court finds no evidence of futility, undue delay, bad faith, or prejudice.

### A. Proposed Amendment to Add Manual Medina as a Defendant

Plaintiffs have pleaded sufficient facts in the proposed Third Amended Complaint ("TAC") to plausibly allege that Manuel Medina is liable under the FLSA as an employer. In the Second Circuit, courts employ a four factor "economic reality" test to determine whether an individual qualifies as an "employer": "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) *cert. denied*, 134 S. Ct. 1516 (2014) (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)).

In the proposed TAC, Plaintiffs allege that Medina was an FLSA "employer" at all times relevant to the Complaint; specifically, they allege that Medina is the "principal and, upon information and belief, an officer of El Rancho," who has "the authority to hire and fire employees, supervise their work schedules, [and] set their rates of pay and maintain payroll records." TAC ¶¶ 19–20, 29.[4] Plaintiffs further allege that Medina possesses operational and financial control over El Rancho, has authority over El Rancho's bank accounts and credit cards, signed El Rancho's lease, and obtained its insurance policies. *Id.* 23–24. After purchasing the Restaurant, Medina purportedly hired Raul and Araceli Ortega as managers, and approved payroll practices for El Rancho employees, including Plaintiffs. *Id.* ¶¶ 21–22. This is sufficient to consider Medina an "employer" within the meaning of the FLSA. *See Irizarry*, 722 F.3d at 104–05; *see also Salomon*

---

[4] Although Plaintiffs allege that both Defendants El Rancho and Medina were employers during the relevant time period, it is not clear from the TAC whether Medina had any involvement with the Restaurant prior to its sale to El Rancho (and Medina) in 2011. *See* TAC ¶¶ 10, 22, 29.

7

*v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 510 (S.D.N.Y. 2013) (holding that owner and corporate officer with control over payroll and personnel matters was an "employer" for FLSA purposes). Amendment to add Medina, therefore, would not be futile.

Furthermore, although Plaintiffs did not move to add Medina until seventeen months after the action's inception, "[d]elay, absent bad faith or prejudice, is not a sufficient basis for denying leave to amend." *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 261 (S.D.N.Y. 2012) (citing *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339 (2d Cir. 2000)). Here, the delay appears to be attributable to the Ortegas' bankruptcy proceedings and the discovery of information by Plaintiffs regarding the Restaurant's ownership, not to any malicious intent by the Plaintiffs. Nor is there any indication that either Medina or El Rancho will be substantially prejudiced by the amendment, since this case has not yet progressed beyond discovery. Thus, Plaintiffs' request to add Defendant Medina as a Defendant is granted.

### B. Plaintiff Casarez

Plaintiffs also seek to add Silviana Casarez as a Plaintiff and to amend the SAC to include her claims against Defendants under the FLSA, NYLL, NYCRR, and New York City Human Rights Law ("NYCHRL"). As a preliminary matter, Casarez is already a Plaintiff for purposes of her FLSA claim. In an FLSA action, an opt-in plaintiff must file a written consent, at which time she "becomes party to the lawsuit through a separate action joined to the original suit, which commences the date written consent is filed." *Anjum v. J.C. Penney Co.*, No. 13-CV-0460 (RJD), 2014 WL 5090018, at *12 (E.D.N.Y. Oct. 9, 2014); 29 U.S.C. § 259(b). Casarez filed her written consent on July 21, 2014. Dkt. 44. The Court will therefore grant Plaintiffs' motion to amend the SAC to include her FLSA claims and the case caption to include Ms. Casarez as a party Plaintiff.

Plaintiffs further request that the Court exercise supplemental jurisdiction over Ms. Casarez's claims under the NYLL, NYCRR, and NYCHRL. *See* TAC Counts 3 (¶¶ 142–46), 4 (¶¶ 147–51); 5 (¶¶ 152–56); 7 (¶¶ 161–64); 8 (¶¶ 165–68); 12 (¶¶ 182–85); 13 (¶¶ 186–89). Pursuant to 28 U.S.C. § 1367, a court may exercise supplemental jurisdiction when a state claim "derive[s] from a common nucleus of operative fact" as the federal claim in the action, such that the parties "would ordinarily be expected to try them all in one proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996); *see also Shariar v. Smith & Wollensky Restaurant Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (discussing supplemental jurisdiction over NYLL claims in FLSA suit). Although not automatic, supplemental jurisdiction is a "favored and normal course of action" and is construed generously. *Blackrock Balanced Capital Portfolio v. HSBC Bank USA, Nat. Ass'n*, No. 14-CV-9366 (SAS), 2015 WL 1501283, at *3 (S.D.N.Y. Mar. 31, 2015) (quoting *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 254 (2d Cir. 1991)).

As to Casarez's wage, overtime, and uniform claims under the NYLL and NYCRR, TAC Counts 3–5, 7–8, the exercise of the Court's supplemental jurisdiction is appropriate. These claims relate to the same factual allegations underlying Casarez's FLSA claims. *See* TAC ¶¶ 75–78, 133–156, 165–68. In addition, each of the claims was previously asserted on behalf of the other Plaintiffs in the SAC. Because these claims derive from the same nucleus of facts as the other claims in the Complaint, judicial economy and convenience militate in favor of exercising the Court's supplemental jurisdiction to allow Plaintiffs to amend the SAC to include Counts 3–5 and 7–8 on behalf of Casarez.

Plaintiffs proposed pregnancy discrimination claims on behalf of Casarez, however, are not as closely related to the other claims in the action. *See* TAC Counts 12–13. Unlike those claims, which address the wages and reimbursements owed to Plaintiffs during the time of their

employment by El Rancho, Counts 12 and 13 concern El Rancho's allegedly discriminatory treatment of Casarez because of her pregnancy. As a result, there is not the same degree of factual overlap with the federal claims. Nonetheless, because the claims relate to Casarez's employment by Defendants during the same time period, they do share a common "nucleus of operative fact" with the federal wage and hours claims. *Shariar*, 659 F.3d at 245. Moreover, because Casarez is pursuing her other employment-related claims in this action, and because the motion to amend is unopposed, judicial economy weighs in favor of liberally construing the Court's supplemental jurisdiction and allowing the amendment.

The allegations in the proposed TAC also establish that such amendment would not be futile. Pursuant to the NYCHRL,[5] it is illegal for "an employer or an employee or agent thereof, because of [gender] to . . . discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." NYCHRL § 8-107(1)(A).[6] It is illegal as well "for an employer to refuse to provide a reasonable accommodation . . . to the needs of an employee for her [pregnancy] that will allow the employee to perform the essential requisites of the job, provided that such employee's [pregnancy] is known or should have been known by the employer." *Id.* § 8-107(22).

---

[5] As amended, the NYCHRL has been interpreted to provide more sweeping protection against discrimination than either Title VII or state law. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108–09 (2d Cir. 2013) (contrasting statute with Title VII and New York state law); *see also Albunio v. City of New York*, 947 N.E.2d 135, 137 (N.Y. 2011) (statute is to be interpreted "broadly in favor of discrimination plaintiffs").

[6] Although § 8-107(1) does not explicitly refer to pregnancy, the New York Court of Appeals has held that "distinctions based solely upon a woman's pregnant condition constitute sexual discrimination." *Elaine W. v. Joint Diseases N. Gen. Hosp., Inc.*, 613 N.E.2d 523, 525 (1993) (interpreting Article 15 of the New York State Human Rights Law). The New York courts, however, do not appear to have clarified whether pregnancy-based discrimination may, at least in some instances, also be viewed as disability discrimination under the NYCHRL. *See Krause v. Lancer & Loader Grp., LLC*, 965 N.Y.S.2d 312, 322–23 (N.Y. Sup. Ct. 2013) (finding no precedents for finding that a "normal" pregnancy constitutes a disability and dismissing NYCHRL disability claim where plaintiff did not allege any impairment that resulted from her pregnancy).

Casarez alleges that she worked for Defendants from November 2011 to February 2014. TAC ¶ 75. On February 2, 2014, she informed Raul Ortega that she was pregnant, and requested as an accommodation that she not be required to lift heavy items. *Id.* ¶¶ 114–16. Instead of engaging with Casarez to determine a reasonable accommodation, Ortega purportedly advised her that after finishing that day's work, her employment was terminated. *Id.* ¶¶ 117–18. Casarez thus asserts Defendants discriminated against her by denying her a reasonable accommodation for her pregnancy and by terminating her. *Id.* ¶¶ 183, 187. Viewing these allegations in the light most favorable to Casarez, she has plausibly alleged that El Rancho (through its agent Ortega) knew she was pregnant and denied her a reasonable accommodation for her pregnancy in violation of § 8-107(22). She has also plausibly alleged that EL Rancho terminated her because she was pregnant in violation of § 8-107(1).

Accordingly, the Court grants Plaintiffs' request to amend the SAC to assert the NYLL and NYCHRL claims asserted in Counts 3–5, 7–8, and 12–13 of the proposed TAC on behalf of Casarez.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is GRANTED in its entirety. The Clerk of Court is respectfully requested to close the motion pending at docket number 63, and to amend the case caption to (1) terminate Raul Ortega and Araceli Ortgea; (2) add Manuel Medina as a Defendant; and (3) add Silviana Casarez as a Plaintiff.

SO ORDERED.

Dated: June 30, 2015
New York, New York

Ronnie Abrams
United States District Judge